UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

           Plaintiff,

      v.

RAYMOND SCOTT,

           Defendant.
_____

**DECISION AND ORDER**

6:19-CV-06914 EAW

## BACKGROUND

Plaintiff the United States of America ("Plaintiff") commenced the instant action on December 17, 2019, alleging that defendant Raymond Scott ("Defendant") violated the False Claims Act, 31 U.S.C. §§ 3729-31, and the common law by receiving disability insurance benefits based upon false information he provided to the Social Security Administration. (Dkt. 1).

Plaintiff previously sought a default judgment against Defendant. (Dkt. 10). The Court denied Plaintiff's motion by Decision and Order dated February 19, 2021. (Dkt. 22) (the "February Decision"). Familiarity with the Court's February Decision is assumed for purposes of the instant Decision and Order. As relevant here, the Court denied Plaintiff's motion for a default judgment and ordered Defendant to file an answer to the complaint by no later than March 19, 2021. (*Id*. at 6).

Defendant did not comply with the Court's direction to file an answer to the complaint. Instead, on March 18, 2021, he commenced his own action, filing a complaint

against the United States of America, Benjamin Kabot, "Special Agent SSA, OIG," and Brad Parker, "Resident Agent in Charge," setting forth his claim that his benefits were wrongly terminated.  Complaint, *Scott v United States, et al*, No, 21-cv-6255, Dkt. 1 (W.D.N.Y. Mar. 18, 2021).[1]

Plaintiff then filed a second motion for default judgment on April 7, 2021.  (Dkt. 23).  Defendant did not file a response to that motion.

## DISCUSSION

Federal Rule of Civil Procedure 55 sets forth the procedural steps for entry of a default judgment.  First, a plaintiff must seek entry of default where a party against whom it seeks affirmative relief has failed to plead or defend in the action.  Fed. R. Civ. P. 55(a).  "Having obtained a default, a plaintiff must next seek a judgment by default under Rule 55(b)."  *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005); *see also* Fed. R. Civ. P. 55(b).  "[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability. . . ."  *Cement & Concrete Workers*, 699 F.3d at 234; *see also Philip Morris USA Inc. v. 5 Brothers Grocery Corp.*, No. 13-CV-2451 (DLI)(SMG), 2014 WL 3887515, at *2 (E.D.N.Y. Aug. 5, 2014) ("Once found to be in default, a defendant is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability." (citation omitted)).

---

[1]     Defendant filed a motion to proceed *in forma pauperis* in his action, thereby obliging the Court to screen the matter pursuant to 28 U.S.C. § 1915(e)(2).  An order in that regard will be entered in due course.

"As the Second Circuit has noted, when determining whether to grant a default judgment, the Court is guided by the same factors which apply to a motion to set aside entry of default." *Krevat v. Burgers to Go, Inc.*, No. 13-CV-6258, 2014 WL 4638844, at *5 (E.D.N.Y. Sept. 16, 2014) (*citing Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 170-71 (2d Cir. 2001)). The three factors include: (1) "whether the defendant's default was willful"; (2) "whether the defendant has a meritorious defense to plaintiff's claims[;]" and (3) "the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." *Id.* "[P]rior to entering default judgment, a district court is required to determine whether the [plaintiff's] allegations establish the [defendant's liability] as a matter of law." *City of N. Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (internal quotations and citation omitted). Ultimately, "[t]he decision whether to enter default judgment is committed to the district court's discretion." *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 116 (2d Cir. 2015).

As an initial matter, the Court notes that Plaintiff has failed to satisfy the requirement that it obtain entry of default prior to seeking a default judgment. In particular, while Plaintiff originally obtained an entry of default against Defendant on June 18, 2020 (Dkt. 9), the Court vacated that entry of default in the February Decision (Dkt. 22 at 6). Plaintiff did not seek a new entry of default following Defendant's failure to file an answer by the Court-ordered deadline. Accordingly, there is currently no entry of default against Defendant.

Further, the Court does not find that Defendant's default was willful. Based on the timing, it seems clear that the *pro se* Defendant believed that filing his own complaint

would comply with the Court's Order that he answer the complaint in this action. Defendant is unschooled in the law and his mistake in this regard is understandable. Any prejudice to Plaintiff is also minimal since it has been apprised of Defendant's view of the relevant facts. Under these circumstances, the Court will not grant a default judgment.

However, it is necessary that Defendant file an answer to allow this case to proceed. Accordingly, Defendant is hereby advised that he **must file an answer to the complaint in this action by no later than December 22, 2021**. Defendant is further advised his complaint filed on March 18, 2021, is **not** an answer. A form answer can be found online at https://www.uscourts.gov/forms/pro-se-forms/defendants-answer-complaint; the Court will also arrange for a copy of the form answer to be mailed to Defendant. Defendant is warned that his failure to file an answer by the date set forth above may result in entry of a default judgment against him, and that the Court **will not** excuse any further failures in this regard.

## CONCLUSION

For the reasons set forth above, the Court denies Plaintiff's motion for default judgment. (Dkt. 23). Defendant shall file an answer to the complaint by no later than **December 22, 2021**.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Judge

Dated: November 24, 2021
       Rochester, New York